JOHN McCARTY, JUNIOR, v. WILLIAM J. ELY and another.

A tenant cannot avoid the payment of full rent on the ground of misrepresentations by the landlord, when he continues to occupy, and does not promptly repudiate the contract of hiring after the fraud is discovered.

In an action for use and occupation during a quarter immediately preceding the commencement of a leasehold term, created by a lease executed before the occupation commenced; the rate of rent fixed in the lease before the tenant went into possession is *prima facie* evidence of value.

A receipt given by the landlord to the tenant during such quarter, stating that a sum has been paid, to be deducted from the first payment of rent, as per lease, is not admissible as evidence in answer to the claim for such use and occupation before the leasehold term commences.

A landlord is not liable to the tenant for repairs.

THE plaintiff's case was, that in February, 1854, he executed to the defendants a written lease of portions of a storehouse, for one year from the following May, at the rent of $1,300, and that the defendants occupied the premises for one quarter immediately preceding the commencement of the above term; for which preceding quarter, rent was claimed at the rate fixed in the lease.

The suit was brought in June, 1854.

The defendants charged that the capacity of the demised premises had been misrepresented. They sought to set off the value of certain repairs executed by them. And they were suffered to introduce in evidence the following receipt, signed by the plaintiff:

"Received, New York, April 5, 1854, of Wm. J. Ely and Thos. T. Ely, twenty-five dollars on rent for store number

four Stone street, to be deducted from the first payment of rent as per lease, with interest.

" $25.   (Signed,)   John McCarty, Junr."

A jury in the Marine Court found a verdict for the defendants ; and from the judgment entered thereon, the plaintiff appealed.

*James W. Savage,* for the plaintiff.

*Charles N. Black,* for the defendants.

INGRAHAM, FIRST J.—The defendants have occupied the premises from February, 1854, to commencement of suit. When, does not appear, but evidently after May, 1854.

They cannot avoid the contract for fraud, and yet retain possession ; and a verdict which established that the defendants owed nothing for rent, was wrong.

There is nothing in the lease showing the purpose for which it was rented, nor was any false representation established.

I do not see how the judgment can be sustained.

WOODRUFF, J.—The defendants were proved on the trial to have occupied the premises since the first week in February, and the trial was on the 20th June, 1854.   There was no evidence that they were to occupy without paying rent.

There was no evidence of any set off except the $60, which was admitted, and the $8 64 for the hoistway ; and in relation to this latter item, I see nothing in the evidence to warrant the charge of that item to the landlord.   The landlord is not liable to the tenant for repairs unless upon an agreement to repair, or unless they are made by his request or direction.

The receipt was, by its express terms, for moneys to be applied upon the rent accruing after the first of May.   The precise purpose for which it was offered does not appear by the return.   If it was offered for the purpose of reducing the

McCarty *v.* Ely.

amount of the recovery, either by way of set off or payment on account, it was clearly inadmissible. Had there been any evidence that the defendants were to occupy from the 1st of February to the 1st of May without paying rent, the circumstance that money paid in April was expressly applied to rent to accrue after the 1st of May, might tend to corroborate such evidence in some slight degree; and in this aspect it may, perhaps, be admissible. But whether admitted or not, the defendants wholly failed to give evidence which would sustain such a finding.

I agree with the first judge, that there was nothing in the evidence showing any fraud or false representations; and if there had been, the defendants could not continue to occupy and refuse to pay the rent. If they designed to rescind the contract, they should have acted promptly, and not hold on to the premises and derive all the advantages which the occupation would yield, and then refuse to pay for what they had enjoyed.

*Prima facie*, I think the defendants should have been deemed liable for rent after the same rate named in the lease, though it was, doubtless, competent to show that, under the circumstances, the use of the store for the quarter for which the plaintiff claimed in this suit, was worth a less amount.

I perceive nothing in the transaction, on the part of the plaintiff as disclosed by the evidence, which made him responsible as guarantor of the strength or suitableness of the building for any particular purpose.

The jury must, I think, have acted under some misapprehension or mistake, as their verdict is, in my judgment, not only against the weight of the evidence, but is without evidence to support it. The judgment should, therefore, be reversed.

Judgment reversed.